PER CURIAM:
Claimant Nancy A. Stout brought this action for personal injuries and property damage to her 1992 Chevrolet truck which occurred when her vehicle slid on ice and struck a hillside. Claimant was traveling north on Route 20 in Webster County when the incident occurred. This portion of road is maintained by respondent in Webster County. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on December 15, 2000, at approximately 8:30 a.m. Claimant was driving home from her place of employment. She works the night shift from 12:00 midnight until 8:00 a.m. She lives in Diana which is north of Webster Springs, and on the date of this incident, she was working in Bolair which is south of Webster Springs. Route 20 proceeds through Bolair, Webster Springs, and Diana. Claimant described the road conditions that morning as otherwise good and the weather was clear. The temperature was approximately 32 degrees. She was traveling down a portion of Route 20 known as McGuire Mountain *154 and was approaching a right-hand curve near an overlook. As she drove into the curve, she testified that her vehicle slid on a patch of “black ice” and then slammed into the mountainside. Ms. Stout testified that all she recalls is losing control of the vehicle and seeing the hillside coming at her. The next thing she knew was that someone was pulling her truck door open to help her. She was taken by ambulance to Webster Springs Memorial Hospital where she was treated and released. She suffered a large cut to her head, an injury to her leg causing heavy swelling, and serious bruising under her right arm and her neck.
Claimant alleges that respondent failed to maintain properly a ditch or culvert that had stopped up causing water to overflow onto the road and freeze creating a hazardous condition known as “black ice” which it knew or should have known existed. The total damage to the vehicle was $3,849.00. However, claimant is limited to the amount of her insurance deductible of $500.00. Claimant also incurred medical expenses in the amount of $1,519.34, all of which were covered by her insurance except for $40.00 she paid out-of-pocket.
Respondent asserts that it did not have notice of ice or water on the road at the location of this incident, and that as soon as it was made aware of the condition, the proper treatment was provided.
Claimant testified that she drove this section of Route 20 five days a week for the past three or four years and that she was very familiar with it. Although she did not see water or ice on the road at the time of this incident, she has seen water running across the road at this location before. She testified that water runs down the steep hillside and often times does not go into the ditch, but instead runs out onto the road.
Testimony at the hearing established that this ditch has to be “pulled” occasionally, but respondent could not state the last time this had been done. Claimant also established that there are a few culverts along the road near the location of this incident, which also require periodic maintenance. Respondent was not able to provide information as to the last time this was done either. Jimmy Collins, County Maintenance Supervisor for respondent in Webster County atthe time of this incident, is responsible for the maintenance of roads and highways in Webster County. This includes the portion of Route 20 at issue in this claim. Mr. Collins testified that Route 20 is a priority one road and that he is very familiar with it including the portion at issue in this claim. He described Route 20 as a two-lane, blacktopped highway with double yellow lines and white lines on both edges. The speed limit on Route 20 is 55 miles per hour, but there is a 45 mile per hour advisory speed sign for the curve where this incident occurred. Mr. Collins travels this portion of Route 20 on McGuire Mountain everyday on his way to and from work. He testified that he drove past the exact location of claimant’s incident earlier that same morning at approximately 7:05 a.m. and he did not notice anything out of the ordinary. He did not see any water or ice on the roadway. He stated that he arrived at work between 7:00 a.m and 7:15 a.m., as he routinely does. It is approximately ten minutes from the site of this incident to Mr. Collins’ office. According to Mr. Collins, it was raining lightly that morning, and it had rained lightly the night before. He testified that the temperature was warming up that morning to approximately 32 degrees and that there was a little fog. Mr. Collins was not aware of claimant’s accident until between 7:30 a.m. and 8:15 a.m., when the 911 Center called his office. After receiving this telephone call, Mr. Collins sent a truck to the area with a mixture of salt and cinders to spread onto the road as a precautionary measure. Respondent submitted into evidence a Snow Removal and Ice Control (SRIC) log for December 15, 2000, which showed that it *155 sent a truck to the location of this incident with three tons of salt and cinder mixture at 9:00 a.m. The log also showed the same truck returning to its duty station at 10:00 a.m.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va 1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Respondent cannot be expected or required to keep its highways absolutely free of ice and snow at all times, and the presence of an isolated patch on a highway during a winter month is normally insufficient to charge the respondent with negligence. McDonald v. Dept. of Highways, 13 Ct. Cl. (1979). However, respondent at all times does owe a duty to travelers to exercise reasonable care and diligence in the maintenance of highways. Lewis v. Dept. of Highways, Ct. Cl. 136 (1986).
In the instant claim, claimant has been unable to establish evidence of any negligence on the part of the respondent. Respondent did not have prior notice that a hazardous condition existed on Route 20 at the location of claimant’s accident. Respondent’s employee had just passed the exact location of this incident shortly before it occurred and he did not observe any water or ice on the road. Further, as soon as respondent became aware of a problem, it sent a crew and truck out to treat the road and remedy the situation. After reviewing all of the evidence in this claim, the Court is of the opinion and concludes that any ice that may have formed on the road at the location of this incident did so shortly before the incident, and further, that respondent did not have notice of the formation of ice on the road surface or a reasonable amount of time to make adequate repairs.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.